UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PATRICK NARANJO,

    Plaintiff,

-against-

ATTACK! MARKETING LLC and
CHRISTIAN JURINKA,

    Defendants.

Case No.:

**COMPLAINT**

Plaintiff PATRICK NARANJO by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendants ATTACK! MARKETING LLC ("Attack" or the "Corporate Defendant") and CHRISTIAN JURINKA ("Jurinka") or the "Individual Defendant") (the Corporate Defendant and Individual Defendant are collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. Plaintiff is a resident and citizen of the State of New York.

2. Defendant Attack is a limited liability company located and operating in the State of Oregon and whose members are, upon information and belief, not residents or citizens of the State of New York.

3. Defendant Jurinka is a resident and citizen of the State of Oregon

4. The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

5. Venue is proper in this District because the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

6. Upon information and belief, the Corporate Defendant is a foreign business corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business in the State of Oregon.

7. Upon information and belief, Defendant Jurinka resides in the State of Oregon and is an owner, manager and/or employee of the Corporate Defendant.

8. Defendants are a marketing agency and its CEO

9. Upon information and belief, Jurinka is the principal and officer of the Corporate Defendant.

10. Defendant Jurinka possesses the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

11. Defendant Jurinka terminated Plaintiff, determined his rate of pay and schedule, and upon information and belief, maintained employment records.

12. Defendant Jurinka possesses operational control over the Corporate Defendant and its employees through his financial control over the Corporate Defendant.

13. Defendant Jurinka is sued individually in his capacity as an owner, officer, employee, and/or agent of the Corporate Defendant.

14. Defendant Jurinka exercises sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employer the New York State Labor Law ("NYLL").

15. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

16. Plaintiff brings this action pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 142 *et seq.*, based upon the following acts and/or omissions which Defendants committed:

   i. Defendants' failure to pay proper overtime compensation required by state law and regulations to Plaintiff, who worked in excess of forty (40) hours per week;

   ii. Defendants' failure to provide Plaintiff with a wage notice and proper paystubs as required by NYLL § 195; and

   iii. Defendants' failure to pay commissions required under NYLL § 191 or in the alternative California Labor Code § 200 et seq.;

17. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the NYLL, as detailed in this Complaint.

## FACT ALLEGATIONS

### I. Defendants' Wage and Hour Violations.

18. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating state laws and that Plaintiff has been and continues to be economically injured.

#### A. Plaintiff's Commission Agreement.

19. Plaintiff worked for Defendants from late October 2018 until late May 2019 as a Director of Business Development and, in that capacity, researched potential leads for Defendants to contact to get business.

20. Plaintiff signed a so-called "Independent Consultant Agreement" at the beginning of his employment, which the parties quickly modified and subsequently operated under the modified agreement.

21. The agreements contained a California choice of law provision.

22. Plaintiff was entitled to receive compensation as follows: (1) a $2,500 salary biweekly; (2) 2.5% commission for "all monies received" from Plaintiff's efforts; and (3) .5% commission for reaching quarterly revenue goals.

23. Although Defendants paid Plaintiff his biweekly salary, they did not pay to him all of his commissions under the agreement.

24. Specifically, Plaintiff obtained commitments from Crook & Marker totaling no fewer than 2 million dollars. Nevertheless, at the end of Plaintiff's employment, Defendants had only provided $1,700 to Plaintiff in commissions for his deals and nothing for the .5% commission even though he earned Defendants more than $450,000 in revenue in Q2 of 2019.

25. Further because Defendants continued to earn revenue from Crook & Marker after Plaintiff's termination, it is required to provide commissions to Plaintiff for those earnings, even though he no longer works for Defendants.

### B. Plaintiff's Schedule and Pay.

26. Defendants also failed to pay Plaintiff proper overtime pay for his overtime hours.

27. Although Plaintiff regularly worked Monday to Friday from 9:00 a.m. to 5:00 p.m., because Plaintiff worked with Defendant Jurinka who was on the West Coast, he often had to work until 8:00 p.m.

28. Plaintiff also regularly worked on weekends when important projects, including the Request for Proposal to Crook & Marker, had to be completed. Plaintiff had to work approximately 4 hours on the weekend every other weekend.

29. Plaintiff regularly worked more than 40 hours a week, but Defendants paid him a set salary and did not pay him any overtime pay.

30. Plaintiff was an employee and not an independent contractor.

31. Defendants required Plaintiff to attend meetings by telephone and sometimes in person, ensured he used a company email account, controlled when he could work and take off work, and paid him a set salary that did not depend on the amount of work he did.

32. Further while Plaintiff's work was integral to Defendants' business because Defendants needed to ascertain which companies to pitch, it was not the type of work that required significant skill or independent initiative

33. Despite these extensive overtime hours, Defendants failed to compensate Plaintiff for his overtime hours at the legally mandated overtime rate.

34. Instead, Defendants paid Plaintiff a set salary of $2,500 per month.

35. Although Plaintiff regularly worked more than 40 hours each week, Defendants never paid him at an overtime premium of 150% of his regular rate.

### B. Additional Violations Affecting Plaintiff.

#### 1. Notice and Recordkeeping Violations

36. Defendants failed to provide Plaintiff with a wage notice or paystubs in compliance with NYLL § 195.

37. Defendants did not provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

38. Defendants also did not provide Plaintiff with a paystub specifying the pay period, his hourly rate of pay, the regular and overtime hours he worked, and all the other information required under NYLL § 195.

39. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the NYLL and supporting regulations.

## FIRST CLAIM FOR RELIEF
**(Overtime Wage Violations under NYLL)**

40. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

41. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

42. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

43. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (NYLL Failure to Notify)

44. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

45. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff's hiring, Defendants were obligated to provide him with a notice describing, *inter alia*, his hourly regular and overtime rates of pay.

46. Pursuant to §195(3) of the NYLL, Defendants were obligated to provide Plaintiff with a wage statement, along with his pay, that specified his rate of pay, his hours worked, and the pay period.

47. Defendants failed to provide Plaintiff with a notice or paystub in accordance with §195 of the NYLL.

48. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seek damages in accordance with §195 of the NYLL for each day Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (Unpaid Commissions under NYLL and in Alternative the California Labor Code)

49. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50. New York law, specifically NYLL § 191, prohibits an employer to deny an employee earned commissions.

51. California law also prohibits an employer from denying an employee earned tips.

52. Similarly, NYLL § 191-c prohibits the nonpayment of commissions to independent contractors.

53. Defendants failed to properly provide to Plaintiff all of his commissions.

54. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and/or California Labor Code § 200 et seq. and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages;

D. Plaintiff's costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

Dated:  December 31, 2020
        New York, New York

Respectfully submitted,

_____
Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFF*

8